UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH ALBERT NOVAK on behalf of the natural person called Aaron Scott Drane, <br><br> Petitioner, <br><br> v. <br><br> KIRK FIELDS Chief Jailer of Shelby County Jail, <br><br> Respondent. | )<br>)<br>)<br>)<br>)<br>)    No. 1:25-cv-00789-JPH-KMB<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DISMISSING ACTION AND WARNING REGARDING
FILING RESTRICTION**

Petitioner Joseph Albert Novak filed a habeas action on behalf of Aaron

Scott Drane pursuant to 28 U.S.C. § 2254 challenging Mr. Drane's confinement

in the Shelby County, Indiana Jail. Dkt. 1. Because it appeared (1) that Mr.

Novak lacked standing to bring this petition, and (2) that Mr. Drane had not

exhausted his state court remedies, the Court ordered Mr. Novak to show cause

why this action should not be dismissed for lack of jurisdiction or for failure to

exhaust state court remedies. Mr. Novak has responded to the show cause order.

Dkts. 9, 10. The Court dismisses this action for lack of jurisdiction and warns

Mr. Novak that he may be subject to filing restrictions.

## I.    Background

The Court screened this habeas petition under Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Court. The Court

explained that individuals may file petitions for a writ of habeas corpus as a "next

friend" in limited circumstances. Dkt. 7 at 2-3 (citing *Whitmore v. Arkansas*, 495

1

U.S. 149 (1990)). Namely, the individual must show that the real party in interest cannot appear on his own behalf due to inaccessibility, mental incompetence, or another disability, and he must be dedicated to the best interest of the person on whose behalf he is trying to litigate. *Id.* at 2-3 (citing *Whitmore*, 495 U.S. at 164). The Court took judicial notice of the case summary in Indiana case number 73D02-2503-F6-000054, which reflected that Mr. Drane's competency had never been at issue in those state court proceedings. Thus, the Court ordered Mr. Novak to show cause why this action should not be dismissed for lack of jurisdiction. In the alternative, the Court ordered him to show cause why this action should not be dismissed without prejudice for failure to exhaust state court remedies.

## II.    Response to Show Cause Order

In response to the Court's order, Mr. Novak filed a "conditional notice, demand for rebuttal, and challenge to article III authority," which was docketed as a motion. Dkt. 9. Mr. Novak stated that he "demand[ed] this honorable court answer the following questions of law, conscience, and constitutional duty within ten (10) days of receipt" and that failure to respond would "constitute tacit acquiescence, estoppel, and dishonor." Dkt. 9 at 1. He proceeded to state that the Court was protecting "the artificial entity known as State of Indiana, while denying relief to living souls." *Id.* He posited that he was sovereign, the government was subordinate, and that this Court would have to prove that it had jurisdiction over him. *Id.* at 2. Mr. Novak then filed a "notice of dishonor and default by tacit acquiescence" on September 22, 2025. Dkt. 10.

2

Instead of attempting to explain how he could proceed as a next friend in this habeas action, Mr. Novak has presented frivolous sovereign-citizen-like claims. The Seventh Circuit has directed lower courts to summarily reject filings pressing such arguments. *McCauley-Bey v. Meuris*, 2022 WL 10555560, at *1 (7th Cir. Apr. 8, 2022) ("[A]rguments that a defendant is sovereign and beyond the jurisdiction of the courts should be summarily rejected, however they are presented.") (cleaned up); *Jon Jones Bey v. Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017) ("We have repeatedly rejected [sovereign-citizen-like] claims."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [] theories of individual sovereignty, immunity from prosecution, and their ilk.").

Accordingly, this petition is **dismissed for lack of jurisdiction** because Mr. Novak has not shown that he has standing to present any claims in a habeas action on Mr. Drane's behalf. The dismissal of this action has no impact on Mr. Drane's ability to file a petition for habeas corpus pursuant to 28 U.S.C. § 2254 if he chooses to do so after exhausting state court remedies. Indeed, nothing that has been filed in this case indicates that Mr. Drane has requested Mr. Novak to act on his behalf.

Additionally, the Court **warns** Mr. Novak that if he persists in filing frivolous sovereign-citizen-like filings in this Court, he may be subjected to sanctions, including a filing restriction. The Court has a duty to deter frivolous filings. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes

3

the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases); *see also Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, (2017) (internal citations omitted)).

### III.    Conclusion

In summary, this action is **dismissed for lack of jurisdiction** because Mr. Novak lacks standing to bring a habeas petition as a next friend on Aaron Drane's behalf. The **clerk is directed** to enter final judgment and to **terminate** the motion at docket [9].

The Court takes judicial notice that Mr. Drane is housed at Wabash Valley Correctional Facility. The **clerk is directed** to send courtesy copies of the following docket entries to Mr. Drane: docket 1, petition for writ of habeas corpus; docket 7, order to show cause; and this Order.

**SO ORDERED.**

Date: 11/10/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

JOSEPH ALBERT NOVAK
7334 N. 200 E.
La Porte, IN 46350

Courtesy Copy to:
Aaron S. Drane
IDOC # 296190
Wabash Valley Correctional Facility
6908 S Old US Highway 41
Carlisle, IN 47838